UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| DARRYL LYNN NICKERSON, | § | |
| | § | |
| Petitioner, | § | |
| VS. | § | CIVIL ACTION NO. 4:16-CV-3786 |
| | § | |
| LORIE DAVIS, | § | |
| | § | |
| Respondent. | § | |

## MEMORANDUM AND ORDER

Petitioner Darryl Lynn Nickerson is an inmate in the custody of the Texas Department of Criminal Justice. He was convicted in the 361st Judicial District Court of Brazos County, Texas of being a felon in possession of a firearm, and sentenced to 34 years imprisonment.

Nickerson unsuccessfully appealed his conviction through the Texas state courts. On December 9, 2014, he filed a federal petition for a writ of habeas corpus. That petition was denied on April 24, 2015. *See Nickerson v. Stephens*, No. 4:14-cv-3521 (S.D. Tex. April 24, 2015). The Fifth Circuit dismissed Nickerson's appeal for want of prosecution, *Nickerson v. Stephens*, No. 15-20302 (5th Cir. Aug. 28, 2015).

Nickerson filed the instant petition on December 29, 2016. This petition challenges the same conviction that Nickerson challenged in his 2014 petition. *Compare* No. 4:14-cv-3521, Doc. # 1 at 2, and the instant petition (Doc. # 1), at 2. Respondent now moves for summary judgment on the grounds that the petition is successive.

"Before a second or successive application permitted by this section is filed in the district court, the applicant shall move in the appropriate court of appeals for an order authorizing the district court to consider the application." 28 U.S.C. § 2244(b)(3)(A); *Felker v. Turpin*, 518 U.S. 651, 664 (1996) ("The Act requires a habeas petitioner to obtain leave from the court of appeals

before filing a second habeas petition in the district court."). "Indeed, the purpose and intent of [28 U.S.C. § 2244(b)(3)(A)] was to eliminate the need for the district courts to repeatedly consider challenges to the same conviction unless an appellate panel first found that those challenges had some merit." *United States v. Key*, 205 F.3d 773, 774 (5th Cir. 2000) (citing *In re Cain*, 137 F.3d 234, 235 (5th Cir. 1998)).

This Court is without jurisdiction to consider a successive petition. *See Key*, 205 F.3d at 774 ("Accordingly, § 2244(b)(3)(A) acts as a jurisdictional bar to the district court's asserting jurisdiction over any successive habeas petition until [the circuit court] has granted the petitioner permission to file one."). Because this Court lacks jurisdiction to consider Nickerson's petition, the petition must be dismissed for lack of subject matter jurisdiction.

For the foregoing reasons, it is ORDERED that respondent's motion for summary judgment (Doc. # 10) is GRANTED. It is FURTHER ORDERED that petitioner Darryl Lynn Nickerson's petition for a writ of habeas corpus (Doc. # 1) is DISMISSED WITHOUT PREJUDICE FOR LACK OF SUBJECT MATTER JURISDICTION.

It is so ORDERED.

SIGNED on this 21st day of February, 2018.

_____
Kenneth M. Hoyt
United States District Judge